## Andrew Helman et al., Appellees, v. Royal Neighbors of America, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. Robert T. Cook, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917.

## Statement of the Case.

Action by Andrew Helman, individually, and as guardian and next friend of Ada Marie Kupfer, a minor, plaintiffs, against the Royal Neighbors of America, a corporation, defendant, to recover the amount claimed to be due to plaintiffs as beneficiaries by the terms of a certain benefit certificate for $500, issued by defendant upon the life of Anna Helman, the wife and mother of plaintiffs. From a judgment for plaintiffs, upon general and special demurrer to defendant's pleas, defendant appeals. Defendant's special pleas alleged that certain answers to questions in the assured's application upon which the certificate was is-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sued were untrue and that such answers were by the terms of the contract made warranties.

U. A. SCREECHFIELD and T. B. F. SMITH, for appellant.

W. W. SKAGGS and A. D. MORGAN, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 210*—*when false warranties in application avoid life policy.* If answers to questions in an application for mutual benefit insurance made a part of the contract were warranties and were false in any particular, such falsity would avoid the policy whether they were material to the risk or not and however innocently they may have been made, and it would not be necessary, in defense to an action on the policy, for the defendant to prove such answers were wilfully and intentionally false, or were relied upon by the defendant or were material to the issuance of the policy.

2. INSURANCE, § 739*—*what constitutes contract of life insurance.* In an action to recover on a benefit certificate of life insurance, *held* that the certificate, application, medical examination and by-laws of defendant constituted, by express agreement of the parties, the contract of insurance and should be construed together.

3. INSURANCE, § 209*—*when answers in application for mutual benefit insurance constitute warranties.* Where a certificate of mutual benefit insurance declared that the statements contained in the application were the basis upon which the contract was made and accepted and that the policy was issued upon the faith of such statements, and said statements were several times stated to be warranted to be literally true and, if not literally true, they would avoid the policy, *held* that by the language employed it was agreed that such statements should be warranties and that their falsity should avoid the policy, and that there was nothing in the contract which would give any room for interpreting it differently from the language employed in it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.